IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STACEY SEAMSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-15-1164-D |
| v. | ) | |
| | ) | |
| ROBERT PATTON, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the undersigned has undertaken a preliminary review of the sufficiency of the Petition pursuant to Rule 4, Supreme Court Rules Governing Section 2254 Cases in the United States District Courts.[2] For the following reasons, it is recommended that the

---

[1]The proper respondent to a habeas petition is "the person who has custody over [the petitioner]," which in this case is Mr. Patton, the Director of the Oklahoma Department of Corrections in light of the fact that Petitioner is incarcerated in a private prison. 28 U.S.C. § 2242; Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, Respondent Patton has been substituted as the proper Respondent in this habeas proceeding. Fed. R. Civ. P. 25(d)(1).

[2]Rule 4 is applied in the exercise of the Court's discretion to this 28 U.S.C. § 2241 habeas proceeding. See, e.g., Boutwell v. Keating, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005)("The District Court . . . acted within its discretion by applying the Section 2254 Rules to this § 2241 petition."). See also Garza v. Davis, 596 F.3d 1198, 1205 (10th Cir. 2010)("[T]he district court possessed the discretion either to dismiss the § 2241 petition if it appeared that the petitioner was not entitled to

1

Petition be denied.

I. <u>Petitioner's Claim and History</u>

Petitioner filed the instant action on October 15, 2015. Petitioner states that he is incarcerated at Davis Correctional Facility, a private prison located in Holdenville, Oklahoma. According to the Petition, attachments thereto, and the public records of the Oklahoma County District Court, Petitioner is serving an aggregate sentence of thirty years of imprisonment for his convictions for three counts of Robbery with Firearms, two counts of Assault and Battery with a Dangerous Weapon, Possession of Firearm, and Burglary in the First Degree, all after former conviction of two or more felonies, entered on October 12, 2001, in the District Court of Oklahoma County, Case No. CF-2000-5630.

Plaintiff contends that he is being forced to serve his thirty-year concurrent sentences for Robbery with a Dangerous Weapon under an Oklahoma law that the Oklahoma Department of Corrections ("ODOC") has retroactively applied to his sentences in violation of his rights under the Ex Post Facto Clause of the Constitution. According to Petitioner, this Oklahoma law, Okla. Stat. tit. 21, § 13.1, became effective on November 1, 2000, after his robbery offenses were committed. Petitioner does not state in the Petition when he committed his crimes. However, in an administrative grievance appeal submitted by Petitioner to ODOC Administrative Review Authority ("ARA"), Petitioner stated that he committed his robbery offense(s) on September 9, 2000. Petition, Att. 9. The ODOC ARA denied the

---

relief or to order the respondent to file a response.")(relying on Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).

2

grievance appeal. Id., Att. 10. Petitioner contends that at the time of his robbery offense(s) the Oklahoma Statute that was in effect was Okla. Stat. tit. 21, § 12.1. He alleges that this statute was repealed and that he should be serving his sentences under the law that was in effect BEFORE the repealed Okla. Stat. tit. 21, § 12.1. Under the previous law, Petitioner contends he would be entitled to earned credits, which, if properly credited to his sentences, would have discharged those sentence(s). II. Standard of Review

The Petition has been brought under 28 U.S.C. § 2241 as Petitioner is challenging the execution of his sentence. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence . . . ."); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). To be entitled to relief under § 2241, Petitioner must demonstrate that he is in custody in violation of the Constitution or federal law.

III. Ex Post Facto Challenge to State Law

Although Petitioner has not expressly relied on the Ex Post Facto Clause of the Constitution, it is clear that the Ex Post Facto Clause provides the basis for his § 2241 challenge to ODOC's administration of his sentences. Under the Constitution's Ex Post Facto clause, U.S. Const. Art. 1, § 10, ¶ 1, Congress and the States are prohibited from enacting any law "'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver v. Graham, 450 U.S. 24, 28 (1981)(quoting Cummings v. Missouri, 4 Wall. 277, 325-326 (1867). The

Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995)(internal quotations and citations omitted). To come within the ex post facto prohibition, a law must have two elements: "first, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it." Miller v. Florida, 482 U.S. 423, 430 (1987).

Okla. Stat. tit., 21, § 12.1 provides:

> A person committing a felony offense listed in Section 30 of this act [Okla. Stat. tit., 21, § 13.1] on or after March 1, 2000, and convicted of the offense shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed.

Oklahoma Community Sentencing Act, 1999 Okla. Sess. Law Serv. 1st Ex. Sess. Ch. 4, Sec. 29 (H.B. 1008). This statute was enacted on June 30, 1999, and went into effect the following day, July 1, 1999. Also enacted on June 30, 1999, and effective July 1, 1999, Okla. Stat. tit. 21, § 13.1, lists the offenses to which § 12.1 applies. As enacted in 1999, Okla. Stat. tit. 21, § 13.1 provided the following:

> Persons convicted of . . . robbery with a dangerous weapon as defined in Section 801 of Title 21 of the Oklahoma Statutes [and] first degree burglary as defined in Section 1436 of Title 21 of the Oklahoma Statutes . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for

4

> consideration for parole. Persons convicted of these offenses shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed.

Oklahoma Community Sentencing Act, 1999 Okla. Sess. Law Serv. 1st Ex. Sess. Ch. 4, Sec. 30 (H.B. 1008). Thus, both § 12.1 and § 13.1, which became effective on July 1, 1999, are applicable to the Robbery offenses that Petitioner has stated were committed in September 2000.

Although § 13.1 of the statute has since been amended, including an amendment that went into effect on November 1, 2000, the subsequent amendments do not adversely effect the law's application to Petitioner's sentence.

Petitioner's sentences for his convictions for Robbery with a Dangerous Weapon and Burglary in the First Degree are subject to the provisions of Okla. Stat. tit. 21, §§ 12.1 and 13.1. Petitioner has not demonstrated that ODOC's administration of those sentences violates the protections of the Ex Post Facto Clause of the Constitution. Therefore, Petitioner is not entitled to habeas relief, and his Petition should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___November 18th___, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate

5

review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   29th   day of   October  , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE