# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

STACEY SEAMSTER,                          )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )        Case No. CIV-15-1164-D
                                          )
ROBERT PATTON, Director,                  )
Oklahoma Department of Corrections,       )
                                          )
              Respondent.                 )

# O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc. No. 7] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 4 of the Rules Governing Section 2254 Cases. Upon examination of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Judge Purcell recommends denial of the Petition.

Petitioner has not filed a timely written objection or requested additional time to object, even though he was expressly informed of the "firm waiver rule." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Upon consideration, the Court finds that Petitioner has waived further review of the issues addressed in the Report. Further, the Court fully concurs in Judge Purcell's analysis.

This is Petitioner's third effort to obtain relief from the "85% Rule" of Okla. Stat. tit. 21, § 12.1 and § 13.1, as applied to his 30-year sentence for criminal offenses committed

in 2000.  He first filed a civil rights action that was dismissed without prejudice to pursuit of a habeas remedy.  *See Seamster v. Dep't of Corr.*, Case No. CIV-15-979-D, Order & J. (W.D. Okla. Oct. 22, 2015).  He filed a habeas action under 28 U.S.C. § 2254 that was dismissed as untimely and for failure to state a claim.  *See Seamster v. Wilkerson*, Case No. CIV-15-1188-D, Order & J. (W.D. Okla. Nov. 20, 2015).  The instant action under § 2241 seeks a proper remedy, but for reasons ably explained by Judge Purcell, the *ex post facto* claim asserted in the Petition lacks merit.  Therefore, the Court finds that the Petition should be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is ADOPTED.  The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DENIED.  Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner in a habeas action.  *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) ("a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court'") (quoting 28 U.S.C. § 2253(c)(1)(A)).  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 5th day of January, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE